## SUPREME COURT.

### Barber agt. Crossett.

A public officer, sued as such, is entitled to double costs where he succeeds in the action.—Hand, Justice.

(*There are adverse and corresponding decisions upon this question in 4 and 5 Howard's Pr. Reports.*)

*Warren Special Term, August* 1850. *Double costs.* The defendant was sued for personal property, and justified as constable under an execution, and had a verdict.

O. Ferris, *Moved for double costs.*

L. H. Baldwin, *Contra.*

Hand, Justice.—It is contended that the Code has repealed the statute giving additional costs to a defendant when sued as an officer (*Code*, § 303–4; 2 R. S. 617, § 24). On this point different members of this court entertain different opinions. Mr. Justice Parker has held that this provision is repealed (Hallenbeck vs. Miller, 4 *How. Pr. R.* 239). Mr. Justice Sill, in Murray vs. Haskins (*id.* 263), and Mr. Justice Welles, in Chadwick vs. Brother (*id.* 283), held that it was not. In the case of Taylor vs. Crawley, decided in February last, I examined this question and came to the conclusion that the officer was still entitled to double costs. The language of the Code is not that all statutes in relation to costs are repealed. It was the intention of the legislature to abolish the fee bill as between attorney and client. And they go further, and repeal " all existing rules and provisions of law restricting or controlling the right of a party to agree with" his lawyer " for his compensation," and leave the measure of that to the agreement of the parties.

If this strips the courts of all control over the subject, which I doubt, and upon consideration shall be found as to the profession, to license champerty, and leave an open field for the encouragement of barratry, it is to be hoped that the bar of this state will, in countenance and conduct, and by common consent, maintain the high position heretofore held by them and frown

upon every thing dishonorable, whether legally punishable or not. To the fair minded lawyer, nothing can be more repulsive than the quack system of "no cure, no pay;" particularly when the pay is to be a division of the spoils! All experience has shown that justice is better administered when suits are conducted by those not parties to the controversy.

But this statute, as I have already stated, in terms applies only to the compensation between attorney and client. It wipes away the old fee bill between them, and then adds, "but there may be allowed to the prevailing party upon the judgment, certain sums by way of indemnity for his expenses in the action, which allowances are in this act termed costs." The former statute gave to the defendant, sued officially, "the amount of his taxed costs, and one half thereof in addition." Technically the costs are not now *taxed*. But they are so, virtually, by the clerk; and the object of the statute was to give to the officer, who is bound to proceed at his peril in the execution of his duty, this extra allowance for his own indemnity and protection.

If the Code can be considered a revision of the statutes in relation to costs, except where otherwise declared, then those parts of that title of the Revised Statutes "of cases in which costs may be recovered, and in which double costs may be allowed," which are omitted, may be considered as impliedly repealed (cases cited in *Smith on Con. of Stat.* &c. 904, § 787). But it does not profess to do so, nor to repeal all laws in relation to costs. The repealing part of § 303, "all statutes establishing or regulating the costs or fees of attorneys," &c. does not, as we have seen, in terms certainly, repeal all statutes establishing or regulating costs between party and party; although the last clause of that section uses language apparently establishing costs *de novo ;* and by § 311 the clerk is to insert in the entry of judgment "the sum of the charges for costs as above provided," &c. But double costs under the old system, it would seem, were properly allowed only upon special application (4 *Wend.* 216; *Gra. Pr.* 591). If the statute giving double costs to officers, is not repugnant to the provisions of the Code, it is not repealed. One statute does not

Moore, Executor, agt. Thayer, Administrator.

repeal another by implication, if both may well subsist together (Bowen vs. Lease, 5 *Hill*, 226, and cases there cited. Williams vs. Potter, 2 *Barb. S. C. R.* 316). The Revised Statutes, by express provisions, give double costs to officers in certain cases, and the Code is silent upon the subject. It seems to me that the above rule applies. The motion must be granted.

Motion granted.